BRUCK v. BROESIGKS *et al.*

1. Tax sale: PURCHASE BY COUNTIES. The counties of this State had no power, under the Code of 1851, to purchase lands sold for the payment of delinquent taxes.

VOL. XVIII.—50

*Appeal from Van Buren District Court.*

FRIDAY, APRIL 14.

THE case is this: In December, 1852, the defendants executed to the plaintiffs a note of $50, payable in one year with ten per cent interest. At the same date, to secure the payment of this note, they gave a mortgage on the S. W. fractional qr. of sec. 30, T. 69, N. R., 10 west. A proceeding to foreclose this mortgage was commenced in the usual form in July, 1863. In March, 1864, one Jacob Kull filed a petition of intervention, setting up title to said land derived from tax sales, made in June, 1857, for the delinquent taxes of 1856, and in October, 1860, for the delinquent taxes of 1857–1859.

That is to say, the tax on the N. W. of the S. W. qr., and E. $\frac{1}{2}$ of the S. W. qr. of said section, being delinquent for the year 1856, the same were severally sold in June, 1857, to the county of Van Buren, to which the treasurer and collector thereof made a deed of conveyance. The county afterwards, for value, conveyed the first of the above named tracts to Jacob Kull, the intervenor, who had the same duly foreclosed according to law. The county also conveyed the second described tract to one Frederick F. Thiel, who, after having the same foreclosed, conveyed the title thereof to the said intervenor. In October, 1860, the S. W. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of said section was sold to the said intervenor, for the delinquent taxes of the years 1857–1859; the same not being redeemed in three years, a deed by the treasurer in February, 1864, was duly made therefor.

The intervenor, claiming thus to have an adverse title to both plaintiff and defendants, asks to be made a party to the proceeding of foreclosure, that his title may be protected and quieted.

The plaintiff demurred to this petition of intervention, chiefly upon the ground of the legal incompetency of the

county of Van Buren to bid off at tax sales delinquent lands, and take the title to itself, and afterwards to traffic in and sell the same to third persons. So far as it had done so the demurrer was sustained, but overruled as to the forty acre lot bought directly by the intervenor of the county treasurer at the tax sale. From this ruling, on the demurrer, the intervenor appeals.

*L. W. Pettitt* for the appellant.

*Joseph F. Smith* for the appellee.

Lowe, J. — It has been the policy of the State to intrust the levy and collection of its revenue to the agency of the several counties. They are clothed with power to assess and collect a tax for State and county purposes, and for such other objects as may be authorized by law. In case default is made in the payment of said taxes within the time prescribed, it is made their duty to sell such lands as may prove delinquent (through the agency of their several treasurers), to the highest bidder, that is, to the person who offers to pay the amount due on any parcel of land for the smallest portion of the same.

*1. Tax sale: purchase by counties.*

The relations which counties, as municipal corporations, sustain to the State and their own inhabitants, is of a fiduciary nature. The duties required and the responsibilities imposed, in the matter of assessing and collecting taxes, are such as to render it inexpedient, not to say unwise, and against the purpose and policy of the revenue law of the Code of 1851 (under which the land in controversy was sold for taxes), to allow counties to traffic in the purchase and sale of tax titles, in the absence of an express statute authorizing the same.

They are intermediate agencies between the State and the people, created for civil and political purposes; and whilst

it would be competent for counties to buy and hold real estate, as a means to an end in effecting or carrying out the objects of their creation, it would not be within the scope of their powers to buy and sell delinquent lands at tax sale as a mere pecuniary operation.

It is true, in 1844, the territorial legislature passed a law allowing the counties to bid off lands at tax sales, yet this statute was repealed by the Code of 1851, since which this right or power has not been conferred upon the counties; and we are of the opinion that the county of Van Buren, in buying and selling again, which it did, the three forty-acre tracts of the mortgaged premises now in question, and under which purchase and sale the intervenor now claims title, did so without the authority and against the policy of the law, and a title thus created should not be upheld. We therefore conclude that the court did not err in sustaining the demurrer to so much of the intervenor's claim as was derived under the purchase of the tax sale made by the county, and the same is

. Affirmed.