## MILLER v. GREGG *et al.*

Taxes: SCHOOL FUND MORTGAGE. The county authorities of a county cannot, for the use of the school fund, buy in an outstanding tax title for the purpose of defeating the lien of a mortgage held by a third party, and which is prior to one existing on the same land, in favor of the fund.

*Appeal from Muscatine District Court.*

TUESDAY, OCTOBER 27.

THE petition alleges, that the defendant Gregg made his mortgage to plaintiff upon certain parcels of real estate; that subsequently he incumbered, in the same manner, to the school fund of Muscatine county, a part of the same lands; that the land covered by the last mortgage was afterward sold for delinquent taxes; was not redeemed therefrom; that the purchasers or holders of the certificate took their deed; and that the county authorities, in order to defeat and cut off plaintiff's mortgage, purchased the land from those holding under the tax title. The charge and claim was that they could not thus purchase; that the county authorities could not in this way deprive plaintiff of his prior lien; concluding with the usual prayer for a foreclosure. To the petition there was a demurrer, substantially upon the ground that it appears therefrom, affirmatively, that plaintiff's lien was defeated by the purchase of the outstanding tax title. Demurrer overruled. Defendant (the county for the use of the school fund) excepted and appeals.

*J. Carskadden* for the appellant.

*Cook & Drury* for the appellee.

WRIGHT, J. — We are to determine but one question, and that is, could the county authorities buy in this tax

*Taxes: school fund mortgage.*
title, and thus defeat and cut off the lien of plaintiff's mortgage? or, in other words, had they the power under the law to make such purchase, and thus give to the fund which they represent and manage, the title to this land as against plaintiff's mortgage? In our opinion, they could not, and, as a consequence, the court below did not err in overruling this demurrer. Whether the county or the fund may not have a right to be repaid what is due for taxes, interest and costs, or to be subrogated to the rights of those who held the tax title as to the redemption money, is a question not before us, and with which we have nothing to do. The petition charges that the purchase was made not simply to acquire a lien, but to defeat plaintiff's mortgage. The demurrer, in effect, concedes that this is true — that this is what the county claims. Counsel so insist here, and this question, and this only, therefore, do we decide.

The power or right to make the purchase is founded upon the provisions of chapter 148, Laws of 1862, which declares, that the board of supervisors shall hold and manage the securities given to the school fund in their several counties, and all judgments and liens belonging to the same, and to that end may sue for the use thereof, and do all other acts in relation to the same necessary for the protection of said fund. By another statute it is provided, that in no case shall the lien created by a mortgage to this fund be affected by a sale of the incumbered property for taxes (Rev. § 11); and under this it has been held when the State took title by the foreclosure of a mortgage to the school fund, it held the land free and unaffected by any delinquent taxes, and in selling the same conveyed it in like manner discharged of all tax liens. *Helphrey* v. *Ross*, 19 Iowa, 41; *Crum* v. *Cotting*,

22 id. 423. And this being so, no proposition can be plainer as it seems to us, than that as the school fund lien could not be affected by the tax sale, the purchase of such tax title was not necessary for the protection of the fund. As, therefore, the power of the authorities only extends to such acts as were thus necessary, it follows that there was no power to make the purchase, and that they could not thus cut off the lien of the plaintiff's mortgage. As to the powers of counties or their officers in purchasing lands for taxes, see *Bruck* v. *Broesigks*, 18 Iowa, 393. It is, of course, unnecessary to discuss the question of power except as it is derived from the statute. It is conceded to rest upon the statute, if any where. As we have seen that it is not there conferred, we have only to answer that the judgment below must stand

Affirmed.